May Term,
1854.

RODGERS *v.* McLEARY.

RODGERS
v.
McLEARY.

A cause having been twice continued upon the plaintiff's affidavit, on account of the absence of a witness residing in another county, at the third term the plaintiff again applied for a continuance, on account of the absence of the same witness. In support of his motion he offered his former affidavit, to which he had been re-sworn, alleging that the witness had been subpœnaed and was not present, and that he could not so fully prove by other witnesses certain specified facts. The plaintiff, notwithstanding the failure of the witness to appear at three successive terms, always refused to take an attachment for him. The Court overruled the last application, and the plaintiff having refused, when the cause was called for trial, to adduce any evidence, the Court dismissed the suit. *Held,* that the Court did right.

Thursday,
June 8.

ERROR to the *Decatur* Circuit Court.

PERKINS, J.—Assumpsit on the common counts. General issue and set-off pleaded.

The cause was twice continued to enable the plaintiff to procure the attendance of a witness from *Boone* county. At the third term the plaintiff again came forward and re-swore to his former affidavit, stating that he had had the witness subpœnaed, that he was not present, and that he could not so fully prove by other witnesses certain facts, as he could by said *Boone* county witness. Notwithstanding the witness failed at each successive term to appear, the plaintiff always refused to take an attachment for him. The Court refused the last application for a continuance, and the plaintiff having thereupon refused, the cause being called for trial, to adduce any evidence, the Court dismissed his suit.

The Court did right. The action of the party indicated that he did not wish to obtain the witness, but to keep the suit pending for purposes of vexation. He should have had the witness attached. Besides, he did not swear that he could not, but that he could not so fully, prove the matters by other witnesses.

DAVISON, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Robinson,* for the plaintiff.

*A. Davison* and *J. S. Scobey,* for the defendant.